1  Matthew C. Bate (*pro hac vice*)
   mcbate@winston.com
2  WINSTON & STRAWN LLP
   1 Ropemaker Street
3  London EC2Y 9AW
   United Kingdom
4  Telephone: +44 20 7011 8797

5  Lev Tsukerman (SBN: 319184)
   ltsukerman@winston.com
6  WINSTON & STRAWN LLP
   333 S. Grand Avenue
7  Los Angeles, CA 90071-1543
   Telephone:  (213) 615-1700
8  Facsimile:   (213) 615-1750

9  Attorneys for Plaintiff
   SKAZZI3 CAPITAL LIMITED
10

11              **UNITED STATES DISTRICT COURT**

12            **SOUTHERN DISTRICT OF CALIFORNIA**

13

14  SKAZZI3 CAPITAL LIMITED,          **Case No. 3:18-CV-00317-BEN-KSC**

15              Plaintiff,             **NOTICE OF MOTION AND MOTION
                                       TO REOPEN ACTION AND ENTER**
16        v.                          **JUDGMENT; MEMORANDUM OF
                                       POINTS AND AUTHORITIES IN**
17  PATHWAY GENOMICS               **SUPPORT THEREOF AND
    CORPORATION,                      APPLICATION FOR WRIT OF**
18              Defendant.            **ATTACHMENT**
19

20

21

22

23

24

25

26

27

28

---

MOTION TO REOPEN ACTION AND ENTER JUDGMENT AND APPLICATION FOR WRIT OF ATTACHMENT

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE THAT** on July 23, 2018 at 10:30 a.m. in Courtroom

3    5A of the above entitled Court, located at 221 W. Broadway, San Diego, California

4    92101, Plaintiff SKAZZI3 Capital Limited shall move the Court for an order reopening

5    this case and entering judgment against Defendant Pathway Genomics Corporation in

6    the amount of $442,670.25 pursuant to the Stipulation for Entry of Final Judgment

7    executed by the parties. SK3 further seeks a right to attach order and writ of attachment

8    to secure its recovery under the Stipulation for Entry of Final Judgment.

9        This Motion is made pursuant to the accompanying Memorandum of Points and

10   Authorities, the concurrently filed declaration of Matthew C. Bate, and such further oral

11   or documentary evidence as may be presented at the time of the hearing on this Motion.

12   Dated: June 14, 2018              WINSTON & STRAWN LLP

13

14                                     By: */s/ Matthew C. Bate*
                                          Matthew C. Bate (*pro hac vice*)
15                                        Lev Tsukerman (SBN: 319184)
                                          Attorneys for Plaintiff
16                                        SKAZZI3 CAPITAL LIMITED

17

18

19

20

21

22

23

24

25

26

27

28

---

# TABLE OF CONTENTS

Page

I.          INTRODUCTION ...................................................................................1

II.         FACTUAL BACKGROUND .................................................................2

      A.    SK3 Secures An Arbitration Award Against Pathway. .........................2

      B.    SK3 Files A Lawsuit to Confirm the Arbitration Award After Which The Parties Enter Into a Settlement Agreement and Execute a Stipulated Judgment.................................................................................................4

      C.    Pathway Breaches the Settlement Agreement And Again Engages in Demonstrably Evasive Conduct. ..........................................................5

III.        LEGAL ARGUMENT ...........................................................................7

      A.    The Court Should Reopen this Action and Enter Judgment Pursuant to the Settlement Agreement and Stipulated Judgment...............................7

      B.    Pursuant to the Express Terms of the Settlement Agreement and the Stipulated Judgment, This Court Should Enter Judgment Against Pathway for the Balance of the Settlement Amount Owed Plus Attorneys' Fees.....................................................................................8

      C.    The Court Should Issue a Right to Attach Order and Writ of Attachment...........................................................................................11

IV.        CONCLUSION ...................................................................................13

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*In the Matter of an Arbitration Between SKAZZI3 Capital* ........................... 3

6

*Compression Sols., Inc. v. Team Makena, LLC*,
   Case No. 13-388-JVS-ANx, 2014 WL 12588476 (C.D. Cal. Jan. 30,

7

   2014) .................................................................................................... 8, 9

8

*Constr. Laborers Tr. Funds v. Cut Core Demolition, Inc.*,
   No. 07-CV-04694-RGK-JCX, 2009 WL 10675942, at *2 (C.D. Cal.

9

   Mar. 10, 2009) .......................................................................................... 7

10

*Gonzalez v. Compass Vision, Inc.*,
   No. 07-CV-1951-AJB-WMC, 2013 WL 6158987, at *2 (S.D. Cal.

11

   Nov. 25, 2013) ...................................................................................... 7, 8

12

*U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*,
   No. C-09-3219 JCS, 2010 WL 1293522 (N.D. Cal. Mar. 31, 2010) ....... 8

13

14

**Statutes**

15

Cal. Civ. Proc. Code 484.010 *et seq.*.................................................... 11

16

17

Cal. Civ. Proc. Code 487.010(a) ..................................................... 12, 13

18

Cal. Civ. Proc. Code § 484.020 ...................................................... 11, 12

19

Call. Civ. Proc. Code 484.020(e)........................................................ 12

20

21

U.S. Code Code Title 11 ....................................................................... 12

22

**Other Authorities**

23

F.R.C.P. 60............................................................................................ 9

24

Fed. R. Civ. P. 64 ................................................................................ 11

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

SKAZZI3 Capital Limited ("SK3") moves to reopen this case and enter judgment against Pathway Genomics Corporation ("Pathway," with SK3, the "Parties") pursuant to the Parties' Confidential Settlement Agreement and Release (the "Settlement Agreement") and Stipulation for Entry of Final Judgment (the "Stipulated Judgment").

Pathway defaulted on the Settlement Agreement, made repeated, false assurances of payment consistent with its past evasive conduct, and ignored SK3's repeated efforts to resolve its default without court intervention. Pathway's conduct has left SK3 with no other option than to move to re-open this case and enforce the Stipulated Judgment.

SK3 originally brought this action to enforce an arbitral award which it obtained against Pathway after nearly two years of proceedings, and during which Pathway attempted to conceal its receipt of investments entitling SK3 to commissions under the agreements put in place between the Parties. After SK3 filed this action, Pathway approached SK3 about settling the matter, and through these discussions, SK3 was led to conclude the Settlement Agreement with Pathway.

The Settlement Agreement required Pathway to make monetary payments to SK3 for the amount of $482,913.00 which SK3 had sought by way of enforcement of the award in the initial action. This Settlement Agreement, which was entered into in good faith by SK3, required Pathway to pay the total settlement amount of $482,913.00 over twelve equal monthly installments of $40,242.75 (each a "Settlement Payment" and together the "Settlement Payments") in exchange for the wavier and release of all claims against Pathway and dismissal of the action which SK3 had brought against it. Further, and in order to secure SK3's rights to the Settlement Payments under the Parties' agreement, the Parties executed a Stipulated

Judgment which stipulated entry of judgment for the full balance of the Settlement Amount owed should Pathway fail to make any scheduled Settlement Payment by the due date and fail to cure its payment default within seven days thereafter.

Pathway defaulted on the second Settlement Payment, failed to cure its default after receiving proper notice, and then engaged in demonstrably evasive conduct to avoid its settlement obligations despite SK3's efforts to amicably resolve the matter without resorting to further litigation. Pathway defaulted one month ago and has failed to cure that default despite repeated assurances that payment was forthcoming. Still, no payment has been received, nor has Pathway responded to SK3's last communication on June 1, 2018.

Now, after Pathway remitted just one Settlement Payment and failed to cure its default, and pursuant to the Settlement Agreement and Stipulated Judgment, SK3 seeks to reopen this action and enter judgment against Pathway in the amount of $482,913.00, less $40,242.75 paid, for a total of $442,670.25. SK3 also seeks an attachment to secure its recovery, given Pathway's pattern of dishonest conduct that began during the Parties' initial dispute and continued during the arbitration proceedings and into the current dispute. SK3 also requests that the judgment reflect SK3's right to full reimbursement of its attorneys' fees and costs incurred in enforcing the judgment as expressly provided in the Settlement Agreement, and which SK3 requests the Court to assess in a separate order as to costs at the end of the enforcement process.

## II.   FACTUAL BACKGROUND

### A.   SK3 Secures An Arbitration Award Against Pathway.

SK3 and Pathway entered into an agreement dated July 10, 2014 by which Pathway engaged SK3 to act as Pathway's business development consultant within the European Union, the Gulf Cooperation Council and China (the "Consultancy Agreement"). Declaration of Matthew C. Bate, dated June 14, 2018 ("Bate Decl.") ¶ 2. Among other things, the Consultancy Agreement provided for SK3 to

introduce investors to Pathway in exchange for commissions on any investment raised through such introductions.  Bate Decl. ¶ 2.

Subsequent to concluding the Consultancy Agreement, the Parties entered into a Side Letter to the Agreement dated April 20, 2015 which varied the commissions due on certain investment which SK3 was raising for Pathway through various intermediaries (the "Side Letter").  *Id.* ¶ 3.  Thereafter, a dispute arose over commissions due to SK3 under the Consultancy Agreement and Side Letter.  The Parties agreed to settle the dispute pursuant to the terms of a Confidential Settlement Deed dated September 22, 2015 (the "Deed").  *Id.* ¶ 4.  The Consultancy Agreement, the Side Letter and the Deed provided for all disputes between the Parties to be settled in arbitration under the rules of the London Court of International Arbitration ("LCIA") before a sole arbitrator in Geneva, Switzerland.  *Id.* Following the conclusion of the Deed, a further dispute arose over Pathway's performance of its obligations under the Deed.  *Id.*

On July 25, 2016, SK3 filed a Request for Arbitration with the LCIA and brought claims against Pathway under the Deed, the Consultancy Agreement and the Side Letter (the "Arbitration").  *Id.* ¶ 5.  On July 18, 2017, the arbitrator rendered his award entitled *In the Matter of an Arbitration Between SKAZZI3 Capital limited (Hong Kong) vs. Pathway Genomics Corporation (United States of America)*, LCIA Arbitration No.: 163394 (the "Award").  *Id.* ¶ 6.

The Award found Pathway in breach of its obligations to SK3 under the Parties' agreements and directed Pathway to pay damages.  The Award further held that Pathway's dishonest conduct during the Arbitration justified an order against Pathway directing it to pay all of SK3's arbitration costs as well as its reasonable legal costs and expenses.  In addition, the Award specifically found that Pathway knowingly concealed its receipt of certain investment in an attempt to escape its contractual liability to SK3 for the commissions due on such investment, and that

this concealment continued during the Arbitration.  Bate Decl. ¶ 7; Dkt. No. 1-3, Ex. I (Award) at 91, 104–05.

### B.   SK3 Files A Lawsuit to Confirm the Arbitration Award After Which The Parties Enter Into a Settlement Agreement and Execute a Stipulated Judgment.

SK3 brought this action against Pathway petitioning for recognition and enforcement of the Award and applied for an *ex parte* writ of attachment in the amount of $482,913.08 to secure its claims based upon the Award (the "Action"). On April 3, 2018, the Parties entered into the Confidential Settlement Agreement and Release to settle the Action (the "Settlement Agreement").  *Id.* ¶ 9, Ex. A (Settlement Agreement).

Under the Settlement Agreement, Pathway was obligated to make monetary payments to SK3 in the total amount of $482,913.00 (the "Settlement Amount"). So as to give Pathway the additional time which it requested to make payment of the Settlement Agreement, the Settlement Agreement provided for Pathway to pay the Settlement Amount over twelve (12) equal monthly installments of $40,242.75, with the first Settlement Payment due on April 15, 2018 and the twelfth Settlement Payment due on March 15, 2019.  *Id.* ¶ 10, Ex. A § 1.

Pursuant to the Settlement Agreement, in the event that SK3 did not receive any scheduled Settlement Payment, SK3 was required to notify Pathway's general counsel, Jeff Chin, and its duly appointed attorney, Jonathan L. Gerber, via email of Pathway's default.  Pathway would then have (7) calendar days from the date of notice to cure any default.  *Id.* ¶ 11, Ex. A § 1(d).  Per the settlement terms, the Parties, through their duly appointed attorneys, jointly executed a Stipulation for Entry of Final Judgment dated April 5, 2018 (the "Stipulated Judgment").  *Id.* ¶ 12, Ex. A § 2; Ex. B (Stipulated Judgment).  SK3 was to hold the Stipulated Judgment as security for Pathway's performance of its payment obligations under the Settlement Agreement.  *Id.* ¶ 12, Ex. A § 2.

1    Under the Stipulated Judgment, the Parties stipulated to re-opening the
2    Action if necessary or appropriate to allow for entry of judgment.  Bate Decl. ¶ 13,
3    Ex. B § 2.  The Stipulated Judgment further provides that in the event of an uncured
4    default under the Settlement Agreement, judgment shall be entered against Pathway
5    in the amount of $482,913.00, with credit for any payments actually made under
6    the terms of the Settlement Agreement.  *Id*., Ex. B § 1.

7    In the event Pathway failed to remit any scheduled Settlement Payment and
8    failed to cure any such default within seven (7) calendar days of SK3's written
9    notice, SK3 gained the right to file for entry of the Stipulated Judgment.  Under the
10   Stipulated Judgment, SK3 has the right to file for entry of judgment after forty-eight
11   (48) hours' notice to Pathway's counsel, Jonathan L. Gerber.  *Id.* ¶ 14, Ex. A § 2.1,
12   Ex. B § 3.

13   The Settlement Agreement further provides that the United States District
14   Court, Southern District of California would retain jurisdiction over any and all
15   claims based upon the Stipulated Judgment.  *Id.* ¶ 15, Ex. A § 7.  The agreement also
16   provides that any attorneys' incurred by SK3 in connection with any legal action based
17   upon would be borne by Pathway.  *Id.* ¶ 16, Ex. A § 7.

18   Pursuant to the Settlement Agreement, SK3 filed a Stipulation of Dismissal
19   Without Prejudice, which also provided that SK3 could move to re-open the Action and
20   have judgment entered against Pathway.  *Id.* ¶ 17, 18; Dkt. No. 14 (Stipulation of
21   Dismissal).

22
23   **C.    Pathway Breaches the Settlement Agreement And Again Engages in
         Demonstrably Evasive Conduct.**

24   Pathway remitted the first Settlement Payment of $40,242.75 on April 18,
25   2018, three days after the due date.  *Id.* ¶ 19.

26   This was the only payment which SK3 was to receive under the Settlement
27   Agreement.  Pathway failed to remit the second Settlement Payment of $40,242.75
28   which was due to be paid no later than May 15, 2018.  SK3's counsel provided

prompt notice of default to Mr. Gerber and Mr. Chin as required under the Settlement Agreement on May 16, 2018.  SK3's counsel also informed Mr. Gerber and Mr. Chin that SK3 would exercise its right to file for entry of the Parties' Stipulated Judgment should Pathway fail to cure its default within seven (7) days. Bate Decl. ¶ 20, Ex. C.

On May 21, 2018, the day before Pathway's last day to cure its payment default, Mr. Gerber advised SK3's counsel by phone that the second Settlement Payment would be made that day.  *Id. ¶ 21*.  Despite this reassurance, no payment was received that day.  *Id.*  The next day, on May 22, 2018, SK3's counsel emailed Mr. Gerber and Mr. Chin informing both of them that SK3 still had not received the second Settlement Payment and that should Pathway fail to cure its default, SK3 would exercise its right to file for entry of the Stipulated Judgment. *Id. ¶ 22, Ex. D.*

By Wednesday, May 23, 2018, Pathway had still failed to cure its payment default, thereby giving SK3 the right to file the Stipulation for Judgment with this Court. Despite having the right to file, and in a good faith effort to resolve the default amicably, SK3's counsel again emailed Mr. Gerber and Mr. Chin on May 23, 2018 confirming that the cure period had expired without any payment, but that SK3 would extend Pathway a further grace period until Friday, May 25, 2018 to remit the payment. *Id. ¶ 23, Ex. E.*  However, SK3's counsel cautioned that should Pathway fail to remit payment, SK3 would seek to have judgment entered against Pathway. *Id.*  After receiving no payment or indeed any written response by May 25, 2018, on Saturday, May 26, 2018, SK3's counsel called Mr. Gerber, who indicated that he would again follow up with Pathway as to the status of the second Settlement Payment. *Id. ¶ 24.*

Four days later, and two weeks after the second Settlement Payment had come due, Mr. Gerber emailed SK3's counsel stating that he had "just received notice" that the second Settlement Payment was being "made today" and that "[t]here was turnover in the accounting department" and that Mr. Chin "was not

1  able to get authority until the new staff member was in place today."  Again, despite
2  these reassurances, no payment was made.  *Id.* ¶ 25, Ex. F.

3      The next day, on May 30, 2018, SK3's counsel informed Mr. Gerber that SK3
4  still had not received Pathway's second Settlement Payment.  That same day, Mr.
5  Gerber responded by email, stating that he was informed that the payment "was
6  being sent yesterday."  *Id.* ¶ 26, Ex. F.  Then, on June 1, 2018, after Pathway's third
7  broken promise of payment, SK3's counsel informed Mr. Gerber that due to
8  Pathway's repeated failure to cure its default, SK3 would be seeking entry of
9  judgment based upon the Stipulation for Judgment which had been executed by the
10  Parties, and which secured SK3's right to receive the Settlement Amount in
11  accordance with the Parties' contract.

12      To date, one month after Pathway's second payment became due, over three
13  weeks after SK3 first gave notice of default, and after Pathway thrice assured that
14  payment was forthcoming, Pathway still has not remitted payment.

15  **III.   LEGAL ARGUMENT**

16
17      **A.    The Court Should Reopen this Action and Enter Judgment Pursuant to the Settlement Agreement and Stipulated Judgment.**

18      A district court can enforce a settlement agreement following a dismissal of
19  the action if the dismissal order incorporates or embodies the terms of the settlement
20  agreement.  *Gonzalez v. Compass Vision, Inc.*, No. 07-CV-1951-AJB-WMC, 2013
21  WL 6158987, at *2 (S.D. Cal. Nov. 25, 2013) (granting motion to reopen case and
22  entering judgment) ("As the parties expressly provided for the Court's continuing
23  jurisdiction over any claims and disputes arising from the Settlement Agreement,
24  and there is no dispute as to the material facts concerning the formation, existence,
25  or terms of the Settlement Agreement, the Court finds it has jurisdiction over the
26  motion and may enter[] the requested judgment to the extent provided for in the
27  Agreement."); *Constr. Laborers Tr. Funds v. Cut Core Demolition, Inc.,* No. 07-
28  CV-04694-RGK-JCX, 2009 WL 10675942, at *2 (C.D. Cal. Mar. 10, 2009)

1   (granting motion to reopen case and for entry of judgment pursuant to settlement
2   agreement and stipulated judgment after defendants defaulted on settlement);
3   *Compression Sols., Inc. v. Team Makena, LLC,* Case No. 13-388-JVS-ANx, 2014
4   WL 12588476, at *1 (C.D. Cal. Jan. 30, 2014) (granting motion to reopen case to
5   interpret and enforce settlement agreement); *U.A. Local 342 Joint Labor-Mgmt.*
6   *Comm. v. S. City Refrigeration, Inc.,* No. C-09-3219 JCS, 2010 WL 1293522, at *2
7   (N.D. Cal. Mar. 31, 2010) (reopening conditionally dismissed action and entering
8   judgment against defaulting defendant where stipulated judgment provided that
9   judgment shall be entered against defendant if it defaulted under the settlement
10  agreement).

11      Here, the Court should reopen the matter because the Parties' Stipulation of
12  Dismissal embodies the Settlement Agreement's provision that the Court retain
13  jurisdiction.  The Stipulation of Dismissal states that "SKAZZI3 Capital Limited
14  may move to re-open this action and have judgment entered against Pathway
15  consistent with the terms of said settlement."  Dkt. No. 14.  The Settlement
16  Agreement provides that "the Court [(defined earlier to mean the United States
17  District Court, Southern District of California)] for the Action will retain
18  jurisdiction over any and all claims based upon the STIPULATION FOR
19  JUDGMENT or for any Enforcement Costs."  Bate Decl., Ex. A. § 7.

20      Because the Stipulation of Dismissal embodies the settlement's provision that
21  the Court retain jurisdiction for "all claims based upon the STIPULATION FOR
22  JUDGMENT," and because SK3 now seeks entry of judgment based on the
23  Stipulated Judgment, the Court should reopen this matter to allow for entry of
24  judgment against Pathway.  *Gonzalez*, 2013 WL 6158987, at *2.

25      **B.   Pursuant to the Express Terms of the Settlement Agreement and the
26              Stipulated Judgment, This Court Should Enter Judgment Against
                Pathway for the Balance of the Settlement Amount Owed Plus
27              Attorneys' Fees.**

28      Pathway violated the terms of the Settlement Agreement, failed to cure its

default after receiving proper notice, and added to its proven history of evasive and deceitful conduct.  The Settlement Agreement and Stipulated Judgment expressly allow for entry of judgment in such circumstances.  *See Compression Sols.*, 2014 WL 12588476, at *1 ("When parties agree to stipulate for entry of judgment during litigation, the Court has the 'power to enforce a settlement agreement ... within the court's role as supervisor of litigation.'").  Thus, SK3 respectfully requests that judgment be entered against Pathway in the amount of $442,670.25, representing the Stipulated Judgment amount of $482,913.00 minus the $40,242.75 which SK3 received pursuant to Pathway's remittance of the first Settlement Payment.

The Settlement Agreement and the Stipulated Judgment expressly provide that, where Pathway fails to make a scheduled Settlement Payment, and fails to cure that payment default within seven days' notice by SK3, SK3 shall have the right to obtain the entry of judgment for the full Settlement Amount of $482,913.00 less any amounts already received by SK3.  Bate Decl., Ex. A (Settlement Agreement) § 2; Ex. B (Stipulated Judgment) § 1.  Under the Stipulated Judgment, Pathway waived notice of entry of judgment, as well as any right to contest entry and enforcement of the stipulated judgment save in the case where the attempt to enforce the judgment violates the terms of the Stipulated Judgment and/or the Settlement Agreement, which is clearly not the case here.  Under the Stipulated Judgment, Pathway also waived any right to request a statement of decision and waive any and all rights that it may have to appeal any judgment pursuant to the stipulation and/or obtain any other kind of judicial review of or relief from any judgment entered pursuant to the stipulation without limitation under F.R.C.P. 60 save in the case that the attempt to enforce the judgment violates the terms of the Stipulated Judgment and/or the Settlement Agreement, which is clearly not the case here.  Bate Decl., Ex. A (Settlement Agreement) § 2; Ex. B (Stipulated Judgment) § 3.  These provisions were carefully negotiated by the Parties and provided SK3 with the security which it needed to ensure that, if Pathway defaulted on its obligations to make the Settlement Payment, SK3 would have a clear and uncontested route to

1  recovery of the balance of the Settlement Amount owed.

2      Here, Pathway failed to cure its default by remitting payment of $40,242.75 due

3  on May 15, 2018.  SK3's counsel then provided prompt notice of this default to Mr.

4  Gerber and Mr. Chin as required under the Settlement Agreement on May 16, 2018.

5  Pathway then assured payment by May 21, 2018, but no such payment was made—the

6  first broken promise.  Then, in an effort to resolve the default amicably, on May 23,

7  2018, SK3 provided Pathway with a short grace period to cure its default *after*

8  Pathway's seven (7) day deadline to cure had passed.  The grace period expired on May

9  25, 2018 with no word or payment from Pathway.

10     Two weeks after payment was initially due, Mr. Gerber represented that the

11 second Settlement Payment would be made on May 29, 2018 and that payment was

12 delayed because of turnover in Pathway's accounting department.  Yet again, no

13 payment was made—the second broken promise.   Consistent with this pattern of false

14 promises, Pathway represented that payment would be made on May 30, 2018, but no

15 such payment was made—the third broken promise.  On June 1, 2018, SK3's counsel

16 informed Pathway that SK3 would move for entry of judgment due to Pathway's

17 repeated failure to cure its default.

18     Having failed to cure its default after receiving notice of default and notice that

19 SK3 would seek judgment against Pathway, this Court should now enter judgment

20 against Pathway for $442,670.25, representing the Stipulated Judgment amount of

21 $482,913.00 minus $40,242.75 for Pathway's remittance of the first Settlement

22 Payment.  Both the Settlement Agreement and Stipulated Judgment provide for this

23 relief.  The Settlement Agreement provides:

24         In the event Pathway fails to remit any Settlement Payment
25         under the payment schedule provided in Section 1 (a) of this
           Settlement Agreement, and fails to cure any such default
26         within seven (7) calendar days of SK3's providing written
27         notice in accordance with Section 1 (d) of this Settlement
           Agreement, SK3 shall have the right to file for entry of the
28

> STIPULATION FOR JUDGMENT on an ex parte basis and to take any and all acts which SK3 deems necessary to recover any and all unpaid portions of the Settlement Amount based upon the STIPULATION FOR JUDGMENT.

Bate. Decl., Ex. A § 2.1.

Likewise, the Stipulated Judgment provides:

> The Parties agree that this stipulation and request for entry of judgment may be filed after forty-eight (48) hours' notice to Pathway's counsel, Jonathan L. Gerber, by email sent to jgerber@mmg-llp.com or telephone, including voicemail, at (714) 450-3800.

Bate. Decl., Ex. B § 3.

As outlined above, notice was provided in accordance with both agreements, and despite multiple false promises, Pathway's cure period has expired with no receipt of payment.  Judgment is now warranted.

**C.    The Court Should Issue a Right to Attach Order and Writ of Attachment.**

Under Rule 64 of the Federal Rules of Civil Procedure, this Court may use the state attachment procedures available under California law.  *See* Fed. R. Civ. P. 64 ("At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.").

The procedures and grounds for obtaining a pre-judgment right to attach order and writ of attachment are governed by the provisions of sections 484.010 *et seq*. of the California Code of Civil Procedure (the "CCP").

CCP Section 484.020 states in relevant part as follows:

> The application [for a right to attach order and a writ of attachment] shall be executed under oath and shall include all of the following:

(a)  A statement showing that the attachment is sought to secure the recovery on a claim upon which an attachment may be issued.

(b)  A statement of the amount to be secured by the attachment.

(c)  A statement that the attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.

(d)  A statement that the applicant has no information or belief that the claim is discharged in a proceeding under Title 11 of the United States Code (Bankruptcy) or that the prosecution of the action is stayed in a proceeding under Title 11 of the United States Code (Bankruptcy).

(e)  A description of the property to be attached under the writ of attachment and a statement that the plaintiff is informed and believes that such property is subject to attachment.  Where the defendant is a corporation, a reference to "all corporate property which is subject to attachment pursuant to subdivision (a) of Code of Civil Procedure Section 487.010" satisfies the requirements of this subdivision.

Cal. Civ. Proc. Code § 484.020.

Accompanying this Memorandum is an Application for Right to Attach Order and Order for Issuance of Writ of Attachment (the "Application") that has been executed under oath and meets all of the above requirements under CCP Section 484.020.  In filing its Application, SK3 wishes to note the following.

First, SK3 withdraws its request for exoneration of its bond.  This request was made in the proposed order submitted to the Court with the Stipulation of Dismissal.

Second, in relation to CCP Section 484.020(e), SK3 seeks a right to attach order and a writ of attachment over all corporate property which is subject to attachment pursuant to subdivision (a) of CCP Section 487.010, and states that it is informed and believes that the property sought to be attached is not exempt from attachment.  In support of this request, SK3 also submits, as Schedule A to its Application, a non-

MOTION TO REOPEN AND ENTER JUDGMENT AND APPLICATION FOR WRIT OF ATTACHMENT
AmericasActive:12249017.7

1   exhaustive list of the movable property (including both monies in bank accounts and

2   accounts receivables owed by various insurance companies who are listed on Pathway's

3   corporate website as doing business with Pathway) that SK3 has identified in its

4   investigation of Pathway's assets.  SK3 files this Schedule A solely for the purpose of

5   ensuring that any writ of attachment that the Court may order expressly identifies the

6   specific items of property listed in Schedule A without limitation.  Thus, in filing

7   Schedule A, SK3 does not seek thereby to limit the scope of such writ, which should

8   cover all corporate property of Pathway subject to attachment under subdivision (a) of

9   CCP Section 487.010, including but not limited to the specific items of corporate

10   property listed in Schedule A.

11  **IV.   CONCLUSION**

12       For the foregoing reasons, SK3 respectfully requests that the Court reopen

13   the Action and enter judgment against Pathway in the amount of $442,670.25.  SK3

14   further requests that the Court's judgment reflect SK3's right to full reimbursement of

15   its attorneys' fees and costs incurred in enforcing the judgment, as provided under the

16   Settlement Agreement.  Bate Decl., Ex. A § 2.1.  SK3 requests that fees and costs be

17   assessed by the Court in a separate order on costs at the end of the enforcement process.

18       SK3 further requests that the Court grant its application for right to attach

19   order and writ of attachment against all of Pathway's property (including without

20   limitation those items of corporate property specified in Schedule A to the

21   Application) in the amount of $442,670.25 to secure its recovery.

22   Dated:  June 14, 2018         WINSTON & STRAWN LLP

23

24                    By:  */s/ Matthew C. Bate*
                             Matthew C. Bate (*pro hac vice*)

25                             Lev Tsukerman (SBN: 319184)
                             Attorneys for Plaintiff

26                             SKAZZI3 CAPITAL LIMITED

27

28

MOTION TO REOPEN AND ENTER JUDGMENT AND APPLICATION FOR WRIT OF ATTACHMENT
AmericasActive:12249017.7