Matthew C. Bate (*pro hac vice*)
mcbate@winston.com
WINSTON & STRAWN LLP
1 Ropemaker Street
London EC2Y 9AW
United Kingdom
Telephone: +44 20 7011 8797

Lev Tsukerman (SBN: 319184)
ltsukerman@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Attorneys for Plaintiff
SKAZZI3 CAPITAL LIMITED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKAZZI3 CAPITAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>PATHWAY GENOMICS CORPORATION,<br><br>Defendant. | **Case No. 3:18-CV-00317-BEN-KSC**<br><br>**DECLARATION OF MATTHEW C. BATE ISO MOTION TO REOPEN ACTION AND ENTER JUDGMENT, AND APPLICATION FOR WRIT OF ATTACHMENT** |

## DECLARATION OF MATTHEW C. BATE

I, Matthew C. Bate, declare as follows:

1. I am an attorney licensed to practice law before the courts of the State of New York and a partner of the law firm of Winston & Strawn LLP, counsel of record for SKAZZI3 Capital Limited ("SK3"). I have personal knowledge of the facts stated herein, and if sworn as a witness, could and would so testify thereto.

2. SK3 and Pathway Genomics Corporation ("Pathway," with SK3, the "Parties") entered into an agreement dated July 10, 2014 by which Pathway engaged SK3 to act as Pathway's business development consultant within the European Union, the Gulf Cooperation Council and China (the "Consultancy Agreement"). Among other things, the Consultancy Agreement provided for SK3 to introduce investors to Pathway in exchange for commissions on any investment raised through such introductions.

3. Subsequent to concluding the Consultancy Agreement, the Parties entered into a Side Letter to the Agreement dated April 20, 2015 which varied the commissions due on certain investment which SK3 was raising for Pathway through various intermediaries (the "Side Letter").

4. Thereafter, a dispute arose over commissions due to SK3 under the Consultancy Agreement and Side Letter. After this dispute arose, the Parties agreed to settle the dispute pursuant to the terms of a Confidential Settlement Deed dated September 22, 2015 (the "Deed"). The Consultancy Agreement, the Side Letter and the Deed provided for all disputes between the Parties to be settled in arbitration under the rules of the London Court of International Arbitration ("LCIA") before a sole arbitrator in Geneva, Switzerland. Following the conclusion of the Settlement Deed, a further dispute arose over Pathway's performance of its obligations under the Deed.

5. On July 25, 2016, SK3 filed a Request for Arbitration with the LCIA and brought claims against Pathway under the Settlement Deed, the Consultancy Agreement and the Side Letter (the "Arbitration").

6. On July 18, 2017, the arbitrator rendered his award entitled *In the Matter of an Arbitration Between SKAZZI3 Capital limited (Hong Kong) vs. Pathway Genomics Corporation (United States of America)*, LCIA Arbitration No.: 163394 (the "Award").

7. The Award found Pathway in breach of its obligations to SK3 under the Parties' agreements and directed Pathway to pay damages. In addition, the Award specifically found that Pathway knowingly concealed its receipt of certain investment in an attempt to escape its contractual liability to SK3 for the commissions due on such investment, and that this concealment continued during the Arbitration. The Award further held that Pathway's dishonest conduct during the Arbitration justified an order against Pathway directing it to pay all of SK3's arbitration costs as well as its reasonable legal costs and expenses. Dkt. No. 1-3, Ex. I (Award), at 91, 104, and 105.

8. On February 8, 2018, SK3 filed an action with this Court petitioning for recognition and enforcement of the Award and applied for a writ of attachment in the amount of $482,913.08 to secure its claims based upon the Award (the "Action").

9. On April 3, 2018, the Parties entered into the Confidential Settlement Agreement and Release to settle the Action (the "Settlement Agreement"). Attached hereto as Exhibit A is a true and correct copy of the Settlement Agreement.

10. Under the Settlement Agreement, Pathway was obligated to make monetary payments to SK3 in the total amount of $482,913.00 (the "Settlement Amount"). So as to give Pathway the additional time which it requested to make payment of the Settlement Amount, the Settlement Agreement provided for

Pathway to pay twelve (12) equal monthly installments of $40,242.75 (each a "Settlement Payment" and together the "Settlement Payments"), with the first Settlement Payment due on April 15, 2018 and the twelfth and final Settlement Payment due on March 15, 2019.

11. Pursuant to the Settlement Agreement, in the event that SK3 did not receive any scheduled Settlement Payment, SK3 was required to notify Pathway's general counsel, Jeff Chin, and its duly appointed attorney, Jonathan L. Gerber, via email of Pathway's default. Pathway would then have (7) calendar days from the date of notice to cure any default.

12. Pursuant to the Settlement Agreement, the Parties, through their duly appointed attorneys, jointly executed a Stipulation for Entry of Final Judgment dated April 5, 2018 (the "Stipulated Judgment"). SK3 was to hold the Stipulated Judgment as security for Pathway's performance of its payment obligations under the Settlement Agreement. Attached hereto as Exhibit B is a true and correct copy of the Stipulated Judgment.

13. Under the Stipulated Judgment, the Parties stipulated to re-opening the Action if necessary or appropriate to allow for entry of judgment. The Stipulated Judgment further provides that in the event of an uncured default under the Settlement Agreement, judgment shall be entered against Pathway in the amount of $482,913.00, with credit for any payments made under the Settlement Agreement.

14. Under the Settlement Agreement, in the event Pathway failed to remit any scheduled Settlement Payment and failed to cure any such default within seven (7) calendar days of SK3's written notice, SK3 gained the right to file for entry of the Stipulated Judgment. Under the Stipulated Judgment, SK3 has the right to file for entry of judgment after forty-eight (48) hours' notice to Pathway's counsel, Jonathan L. Gerber.

15. The Settlement Agreement further provides that the United States District Court, Southern District of California would retain jurisdiction over any and all claims based upon the Stipulated Judgment.

16. Under the Settlement Agreement, the Parties agreed that any costs, including attorneys' fees, incurred by SK3 in connection with any legal action based upon the Stipulated Judgment would be borne by Pathway.

17. Under the Settlement Agreement, within seven (7) calendar days of executing the Stipulated Judgment, the Parties were to jointly execute and file a Joint Stipulation of Dismissal Without Prejudice (the "Stipulation of Dismissal").

18. On April 6, 2018, SK3 filed the Stipulation of Dismissal with this Court. The Dismissal provides that SK3 can move to re-open the Action and have judgment entered against Pathway consistent with the settlement terms. Dkt. No. 14.

19. On April 18, 2018, Pathway remitted the first Settlement Payment of $40,242.75, despite the payment being due three days earlier on April 15, 2018.

20. Pathway has not made any further payments under the Settlement Agreement. Pathway failed to remit the second Settlement Payment of $40,242.75 which was due to be paid no later than May 15, 2018. After Pathway failed to remit the second Settlement Payment, on May 16, 2018, I emailed Mr. Gerber and Mr. Chin notifying them of Pathway's default under the Settlement Agreement. I also informed Mr. Gerber and Mr. Chin that SK3 would exercise its right to file for entry of the Parties' Stipulated Judgment if Pathway's second Settlement Payment was not remitted within seven (7) days. Attached hereto as Exhibit C is a true and correct copy of my May 16, 2018 email to Mr. Gerber and Mr. Chin.

21. On May 21, 2018, I spoke with Mr. Gerber by phone. During this call, Mr. Gerber told me that Pathway's General Counsel, Mr. Chin, had informed him that the second Settlement Payment of $40,242.75 would be made that day. The second Settlement Payment was not made that day.

22.     On Tuesday, May 22, 2018, I emailed Mr. Gerber and Mr. Chin notifying them that SK3 had not received the second Settlement Payment in the amount of $40,242.75 and which was due to be paid no later than May 15, 2018. I also notified them that that day, May 22, 2018, was the last day for Pathway to cure its default. I informed Mr. Gerber and Mr. Chin that SK3 would exercise its right to file for entry of the Stipulated Judgment should Pathway fail to cure its default. Attached hereto as Exhibit D is a true and correct copy of my May 22, 2018 email.

23.     As of Wednesday, May 23, 2018, Pathway's default on the second Settlement Payment remained un-cured. On May 23, 2018, I emailed Mr. Gerber and Mr. Chin to confirm that the cure period had expired without Pathway's remittance of the second Settlement Payment. I offered to give Pathway a grace period until Friday, May 25, 2018 to cure its default. I again cautioned that should Pathway fail to remit the second Settlement Payment by Friday, May 25, 2018, SK3 would seek to have judgment entered against Pathway. Attached hereto as Exhibit E is a true and correct copy of my May 23, 2018 email.

24.     After receiving no payment or any written response to my May 23, 2018 e-mail by May 25, 2018, on Saturday, May 26th, 2018, I called Mr. Gerber, and he offered to inquire again with Pathway as to the status of the second Settlement Payment.

25.     On May 29, 2018, I received an email from Mr. Gerber stating that he had "just received notice" that the second Settlement Payment was being "made today" and that "[t]here was turnover in the accounting department" and that Mr. Chin "was not able to get authority until the new staff member was in place today." Payment was not made that day.

26.     On May 30, 2018, I wrote to Mr. Gerber informing him that SK3 still had not received Pathway's second Settlement Payment. That same day, Mr. Gerber responded by email, stating that he was informed that the payment "was being sent yesterday."

27. The next day, on June 1, 2018, I emailed Mr. Gerber informing him that SK3 did not receive the second Settlement Payment and notified Pathway that SK3 would be filing for entry of judgment based upon the Stipulation for Judgment. Attached hereto as Exhibit F is a true and correct copy my email exchange with Mr. Gerber from May 29, 2018 through June 1, 2018.

28. On information and belief, the property which SK3 seeks to attach is not exempt from attachment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of June, 2018 at Geneva, Switzerland.

_____
Matthew C. Bate