FILED
DEC 17 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKAZZI3 CAPITAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>PATHWAY GENOMICS CORPORATION,<br><br>Defendant. | Case No.: 3:18-CV-00317-BEN-KSC<br><br>**ORDER GRANTING MOTION TO BE RELIEVED AS COUNSEL FOR PATHWAY GENOMICS CORPORATION**<br><br>[Doc. No. 49] |

Before the Court is a Motion to Withdraw as Counsel for Pathway Genomics Corporation ("Defendant") filed by Miller Miller Gerber LLP ("Defendant's counsel"). The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78. After reviewing all related filings, the Court grants the Motion.

## I. BACKGROUND

Plaintiff originally brought this action to enforce an arbitral award obtained against Defendant in Europe. (Doc. No. 15 at 1.) After the suit was filed, Defendant sought to resolve the case without judicial intervention. The party's negotiations resulted in a good faith Settlement Agreement requiring Defendant to pay $482,913.00 by way of twelve (12) equal monthly installments of $40,242.75. *Id.* To secure the Plaintiff's interest, a Stipulated Judgment was executed calling for entry of the judgment in the event the Defendant failed to cure any missed payment within seven days of its scheduled due date. *Id.* at 1-2. Defendant defaulted and failed to cure on its second settlement payment. *Id.*

After numerous unsuccessful attempts to resolve Defendant's default, Plaintiff sought entry of judgment in the amount of $482,913.00, less $40,242.75 (*amount paid*), for a total of $442,670.25. *Id.*

On October 25, Plaintiff filed a Motion for Clerks Judgment re Assignment Order and Restraining Order against Defendant. (Doc. No. 51.) Thereafter, Plaintiff filed a Notice of Non-Opposition when Defendant did not respond. (Doc. No. 54.)

Defendant's Counsel now seeks to withdraw as counsel of record. (Doc. No. 49.) Plaintiff Opposed the Motion to which Defendant Replied. (Doc. Nos. 50-51.)

## II. LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court. *Kassab v. San Diego Police Dep't*, 2008 WL 251935, at *1 (S.D. Cal. Jan 29, 2008); *see also Beard v. Shuttermart of Cal., Inc.*, 2008 WL 410694, at *2 (S.D. Cal. Fed. 13, 2008). Additionally, under local rules, an attorney must serve notice of its motion to withdraw on the adverse party as well as on the moving party's client with a declaration of service. Local Civ. R. 83.3(g)(3).

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; (4) the degree to which withdrawal will delay the resolution of the case." *Garrett v. Ruiz*, 2013 WL 163420 (S.D. Cal. Jan. 14, 2013).

Courts have previously held that "[f]ailure to pay attorney's fees can be valid ground for withdrawal." *Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2019); *see also Canadaigua Wine Company, Inc. v. Edwin Moldauer*, 2009 WL 89141 (E.D. Cal. Jan 14, 2009) (granting motion to withdraw legal counsel where defendant refused to accept legal advice or pay his fees.) Furthermore, there is no danger of prejudice where a hearing date is not immediately set or where litigation is at a relatively nascent stage. *Gurvey v. Legend Films, Inc.*, 2010 WL 2756944 (S.D. Cal. July 12, 2010). There is also no undue delay where the counsel takes

"reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel ..." Cal. Rule of Prof. Conduct 3-700(A)(2).

However, according to local rules,

> Only natural persons representing their individual interests *in propria persona* may appear in court without representation ... All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice...

Local Civ. R. 83.3(k); *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.")

### III. DISCUSSION

In the present case, Defendant's counsel shows valid cause for withdrawal because all of the relevant considerations tip in its favor. First, the Defendant can no longer pay for its legal services. (Doc. No. 49 at 2-3.) Next, the Plaintiff's assertion of prejudice is questionable being that Defendant's counsel has already provided Plaintiff's counsel with the last known contact information he has for the Defendant. (*See* Doc. No. 51, Decl. of Jonathan Gerber.) Furthermore, Defendant's refusal to communicate has rendered it impossible for counsel to represent the Defendant in this collection action. Finally, the slight delay required for the Defendant to obtain new counsel will ultimately result in this case once again moving towards resolution.

At the same time, the Court recognizes that granting the withdrawal motion would leave Defendant, a corporate Defendant, without counsel, in contravention of Local Rule 83.3(k). However, Rule 83.3(k) is not offended where the court orders an unrepresented corporate defendant to find substitute counsel and gives them some time to do so. *See e.g., Indymac Fed. Bank, F.S.B. v. McComic*, No. 08-CV-1871-IEG WVG, 2010 WL 2000013 (S.D. May 18, 2010) (granting counsel's motion to withdraw as defendants

could no longer pay and were not prejudiced, but also directing defendants to secure substitute counsel, where counsel cited plaintiff limited partnership's refusal to participate in litigation and inability to pay fees as reasons for withdrawal); *McNally v. Commonwealth Financial Systems, Inc.*, 2013 WL 685364 (S.D. Cal. Feb. 25, 2013) (granting motion where litigation was at an early stage and where corporate defendant was unable to pay legal fees, consented to the motion, and had "ample opportunity to retain substitute counsel as needed").

As in *Indymac*, the corporate Defendant, in this case, failed to pay its counsel's fees, refused to engage in further communications, and has failed to respond in opposition to counsel's Motion to Withdraw. Given the circumstances of the instant action, the Court grants Defendant counsel's Motion for withdrawal and directs the Defendant to find substitute representation within thirty (30) days from the entry of this Order.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that:

1. Defendant Counsel's Motion to Withdraw is **GRANTED**;
2. The Clerk of Court **SHALL** update the docket to reflect the withdrawal of Jonathan L. Gerber, of Miller Miller Gerber LLP, as counsel of record for Pathway Genomics Corporation;
3. Defendant Counsel **SHALL** immediately serve the Defendant with a copy of this Order and thereafter file a proof of service to confirm the same;
4. Defendant has **thirty (30) days from the date of this Order** to obtain new counsel and have new counsel file a notice of appearance.

**IT IS SO ORDERED.**

Dated: 12/16, 2019

Hon. Roger T. Benitez
United States District Judge