UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKAZZI3 CAPITAL LIMITED,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PATHWAY GENOMICS CORPORATION,<br><br>　　　　　Defendant. | Case No.: 3:18-cv-00317-BEN-KSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ASSIGNMENT ORDER AND FOR ORDER RESTRAINING JUDGMENT DEBTOR**<br><br>[Doc. No. 51] |

Before the Court is Plaintiff SKAZZI3 CAPITAL LIMITED ("Plaintiff") Motion for an assignment and an order restraining the judgment debtors, Defendant PATHWAY GENOMICS CORPORATION ("Defendant" and "Judgment Debtor"). No opposition or reply has been filed, and the party's respective deadlines have now passed. Having read the Plaintiff's Motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** Plaintiff's Motion.

## BACKGROUND

Plaintiff originally brought this action to enforce an arbitral award obtained against the Defendant in Europe. (Doc. No. 15 at 1.) After the suit was filed, Defendant sought to resolve the case without judicial intervention. The party's negotiations resulted in a good faith Settlement Agreement requiring the Defendant to pay $482,913.00 by way of twelve (12) equal monthly installments of $40,242.75. *Id.* To secure the Plaintiff's interest, a

Stipulated Judgment was executed calling for entry of the judgment in the event the Defendant failed to cure any missed payment within seven days of its scheduled due date. *Id.* at 1-2. Defendant defaulted and failed to cure its second settlement payment. *Id.* After numerous unsuccessful attempts to resolve Defendant's default, Plaintiff sought entry of judgment in the amount of $482,913.00, less $40,242.75(*amount paid*), for a total of $442,670.25. *Id.* The Final judgment was entered by this Court on December 26, 2018. *Id.* at 4. Subsequently, pursuant to a writ of execution levied by Plaintiff, the Judgment Creditor recovered $4,199.43 on May 10, 2019. *Id.*

Currently, the Defendant refuses to voluntarily pay the remaining balance of the judgment against it. As a result, the Judgment remains unsatisfied and continues to accrue interest at a legal rate of 2.64%. *Id.*

For that reason, Plaintiff filed a Motion for Clerks Judgment re Assignment Order and Restraining Order on October 25, 2019. (Doc. No. 51.) When the Defendant failed to respond to the Motion, Plaintiff filed a Notice of Non-Opposition. (Doc. No. 54.)

## **DISCUSSION**

**A. Motion for Assignment Order**

Whether the Plaintiff is entitled to an assignment order is governed by Federal Rule of Civil Procedure 69(a)(1), which in turn makes California law applicable. *See* Fed. R. Civ. P. 69(a)(1); *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). Under California Code of Civil Procedure § 708.510(a), a judgment creditor can move the court to order the judgment debtor to assign to the judgment creditor "all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments[.]" Subsection (b) of the same section requires plaintiff to serve the motion on the judgment debtor personally or by mail. Cal. Civ. Proc. § 708.510(b).

The court has "broad discretion in determining whether to order an assignment and in fixing the amount to be assigned[.]" Rutter Group Cal. Prac. Guid. Enf. J. & Debt Ch. 6G-5, ¶ 6:1440 (2019). The court may only order the assignment of property to the extent necessary to satisfy the money judgment. Cal. Civ. Proc. § 708.510(d). In making that

determination, the court should consider all relevant factors, including: (1) The reasonable requirements of a judgment debtor who is a natural person and any person he or she supports, (2) payments the judgment debtor is required to make, (3) the amount remaining on the judgment, and (4) the amount being or to be received in satisfaction of the right to payment that may be assigned. Cal. Civ. Proc. § 708.510(c).

While "*detailed* evidentiary support is not required under § 708.510[,]" "*some* evidentiary support is still needed." *Legal Additions LLC v. Kowalksi*, No. 08-cv-02754-EMC, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011) (emphasis in original). Section "708.510(a) refers to a 'payment due or to become due,' which suggests some degree of concreteness to the expected payment is required." *Id.*

Here, Plaintiff moves the Court for an order assigning it "all interest and rights to payment of the identified accounts to satisfy, at least in part," Plaintiff's judgment against Defendant. (Doc. No. 51 at 4.) Specifically, Plaintiff requests that the Court assign Defendant's rights and interest to payments generated from sales of its testing kits by retail portals CVS, Meijer pharmacies, Walmart, and Amazon.com. (*See* Doc. No. 51-2 ¶ 6, and 51-3 at 7.) Additionally, Plaintiff requests the Court order credit card processors American Express Corporation, Visa U.S.A. Inc., and Mastercard International Incorporated pay Plaintiff, rather than Defendant, any and all monetary payments originating from sales of Defendant's testing kits made on Defendant's online webpage store, which are due or will become due to Defendant. (Doc. No. 51 at 7.)

Preliminarily, the Court notes that Defendant failed to file any opposition to the Motion, timely or otherwise. Pursuant to the Court's Local Rules, failure to file an opposition to a motion may be deemed consent to granting the Motion. *See* S.D. Cal. L.R. 7.1(f)(3)(a) and (c); *see also Trs. of Screen Actors Guild-Producers Pension Plan v. See You in Sept., LLC*, No. CV 09-4230 AHM (AJWx), 2010 WL 5245960, at *1 (C.D. Cal. Dec. 16, 2010). The Court construes the Defendant's failure as such; in any event, an assignment order is warranted based on the record before the Court.

Plaintiff has presented some evidence, including a screenshot of the Defendant's

webpage, www.pathway.com, which indicates that at least some of the Defendant's products are available through the aforementioned retail portals. (Doc. No. 51-1 ¶ 6.) Plaintiff has also put forth evidence that the aforementioned Credit Card Merchants process credit card transactions for sales of Defendant's test kits occurring on Defendant's website store. (Doc. Nos. 51 at 7; 51-1 ¶ 6.) Such evidence is sufficient to show that these payments are currently due to Defendant, or may become due to Defendant in the future. *See UMG Recordings, Inc. v. BCD Music Group, Inc.*, No CV 07-5808 SJO (FFMx), 2009 WL 2213678, at *3 (C.D. Cal. July 9, 2009). Plaintiff's evidence also shows the Defendant has not made any payments toward the outstanding Judgment since it defaulted on its second settlement payment. (*See* 15-1 ¶.)

Finally, although these product retailers and credit-card processors do not appear to be located within the Southern District of California, California Code of Civil Procedure § 708.510(a) does not impose any restrictions on what property may be assigned based on that property's location; in other words, the Court may grant the assignment of property located outside of this judicial district to satisfy Defendant's obligations pursuant to the Judgment registered here for enforcement purposes pursuant to 28 U.S.C. § 1963. *See* Cal. Civ. Proc. Code § 708.510; *Greenbaum v. Islamic Republic of Iran*, 782 F. Supp. 2d 893, 896-97 (C.D. Cal. 2008).

The Court concludes this evidence is sufficient to meet the relatively low evidentiary threshold required to obtain an assignment order, especially in light of the Defendant's failure to oppose the Motion. *See Legal Additions LLC v. Kowalski*, No. C-08-2754 EMC, 2011 WL 3156724, at *2 (N.D. Cal. July 26, 2011).

Plaintiff is entitled to the requested assignment order for the following reasons: (1) Plaintiff has satisfied its burden of identifying specific sources of money to be assigned; (2) Defendant failed to satisfy his obligation pursuant to the Judgment; (3) there is no indication Defendant will do so voluntarily; and (4) these proceeds appear to be readily available to satisfy the judgment, at least in part. *See* Cal. Code Civ. Proc. §§ 708.510(c)(3)-(4); *see also, e.g. Lopez v. Musinorte Entm't Corp.*, No. CV 11-01442 AHM

(AJWx), 2011 WL 2471927, at *2-3 (C.D. Cal. July 21, 2011); *Greenbaum*, 782 F. Supp. 2d at 896-97.

### B. Motion for Order Restraining Judgment Debtor

When an application is made pursuant to Section 708.510 of the California Code of Civil Procedure, or thereafter, a judgment creditor may apply to the court for an order restraining a judgment debtor "from assigning or otherwise disposing of the right to payment that is sought to be assigned." Cal. Code Civ. Proc. § 708.520(a). Such application shall be made on a noticed motion if the court so directs or a court rule so requires but otherwise may be made *ex parte*. Cal. Code Civ. Proc. § 708.520(a). The court may issue such an order upon a showing of need therefor. Cal. Code Civ. Proc. § 708.520(b). The threshold for showing need is "low." *Innovation Ventures, LLC v. N2G Distributing, Inc.*, 2014 WL 10384606, at *6-*7 (C.D. Cal. May 1, 2014). Any such order must be personally served upon the judgment debtor and must contain a notice to the judgment debtor that "the failure to comply with the order may subject the judgment debtor to being held in contempt of court." Cal. Code Civ. Proc. § 708.520(d).

Here, the Motion should be granted to the extent it seeks an order restraining Defendant from assigning or otherwise disposing of the right or interest to payment from its aforementioned retail portal clients and credit card processors. As noted above, the Judgment was entered in this district on December 26, 2018, and, at least as of defaulting on its second settlement payment, no subsequent payments have been made to Plaintiff. (Doc. No. 51 at 7-8.) It is reasonable to infer that Defendant will dispose of any payments it receives from the retail portal clients and credit card processors without paying Plaintiff unless it is restrained from doing so. *Id.*

///
///
///
///
///

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Plaintiff's Motion.

Defendant is **ORDERED** to assign to Plaintiff its interest and rights in all monetary payments due or to become due from retail portals CVS, Meijer pharmacies, Walmart, and Amazon.com, as well as credit card processors American Express Corporation, Visa U.S.A. Inc., and Mastercard International Incorporated. This Assignment is **effective ten (10) days from the date hereof**, until such time as the judgment herein is fully satisfied or unless the parties stipulate otherwise.

With respect to the restraining order, the Court **FURTHER ORDERS** that Defendant Pathway Genomics Corporation is immediately restrained from assigning or otherwise disposing of its rights and interests to payment as described above, so that the rights to payment may be available for satisfaction of the judgment herein.

**IT IS SO ORDERED.**

Dated: December 18, 2019

HON. ROGER T. BENITEZ
United States District Judge